[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11753
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00054-CAP-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESTIN WHITMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 19, 2019)

Before WILLIAM PRYOR, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Destin Whitmore appeals his sentence of 210 months of imprisonment following his pleas of guilty to five counts of extortion, 18 U.S.C. § 875(d), three counts of distributing child pornography, *id.* § 2252(a)(2), and two counts of possessing child pornography, *id.* § 2252(a)(4)(B). He argues that his sentence at the low end of his advisory guideline range is substantively unreasonable. We affirm.

Beginning in 2012, Whitmore used at least three online identities to coerce teenage girls and at least one woman to send him sexually explicit images of themselves through Facebook. Whitmore sent the girls photographs of themselves in various states of nudity that he had obtained years earlier when he had been a teenager and threatened to post the photographs online and send them to family, friends, and employers if they did not comply. After one girl relented but later refused to send more images, Whitmore created a fake Facebook profile in her name and posted her photographs on the profile. Whitmore referred to another girl as a "b****" and threatened to contact her parents and friends directly after she refused to respond to his messages. Whitmore forced a woman who acquiesced to his demands to write "camslut" and "whore" on her chest and to touch her genitals. When investigators arrested Whitmore, they discovered two video recordings that he had made as a teenager while he was having sex with a 14-year-old girl.

2

Whitmore's written plea agreement stated that Section 2G2.2 of the Sentencing Guidelines was "[t]he applicable guideline" for calculating his sentence. The agreement also stated that Whitmore had a base offense level of 22 and he was subject to increases of that level for sexually exploiting a minor, U.S.S.G. § 2G2.2(b)(5), possessing more than 600 images of child pornography, id. § 2G2.2(b)(5), distributing to a minor for coercion, *id.* § 2G2.2(b)(7)(D), and using a computer, *id.* § 2G2.2(b)(3)(D). With a total offense level of 37 and a criminal history category of I, Whitmore had an advisory sentencing range of 210 to 262 months of imprisonment.

At sentencing, Whitmore requested that the district court depart downward and sentence him to 96 months of imprisonment. He acknowledged that section 2G2.2 applied to his case, but he argued that "add[ing] all the enhancements from the child pornography guidelines to the [base offense level for] extortion" would produce a reasonable sentence because his conduct differed from the "typical" child pornography case. The United States requested that the district court sentence Whitmore to 240 months of imprisonment based on the complexity of his crimes and his direct contact with and harm to his victims.

The district court sentenced Whitmore to 210 months of imprisonment. The district court selected its sentence after considering the statutory sentencing factors, the presentence investigation report, and "everything [Whitmore] submitted,"

3

including a report prepared by a licensed clinical social worker who examined Whitmore. The district court agreed with the parties that the facts were "not typical [for a child pornography case] because they're not dealing with prepubescent girls" and stated that "it is a sexual predator case."

The district court did not abuse its discretion in sentencing Whitmore to a term at the low end of his advisory guideline range. Whitmore argues that his sentence is unduly harsh because his offense "is not the typical child pornography case," but the district court acted within its discretion in using the guideline governing child pornography as its "starting point," *Molina–Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). The district court then reasonably determined that a sentence of 210 months was required to "reflect the seriousness of [Whitmore's] offense," deter him from similar future crimes, "protect the public, and provide [him] with care and treatment." 18 U.S.C. § 3553(a).

Whitmore argues that the district court erred when it considered as a sentencing factor that he was a predator, but section 3553 requires consideration of the nature and circumstances of a defendant's offense. *Id.* § 3553(a)(1). Whitmore used images and video recordings he had preserved to badger and manipulate vulnerable young girls to perform demeaning acts, and he humiliated those girls who refused to comply with his demands. Whitmore's sentence is reasonable.

We **AFFIRM** Whitmore's sentence.

4